UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:16-CR-022-M | |
| § | | |
| DONNY JOE COPELAND, § | ECF | |
| Defendant. § | | |

## ELEMENTS AND PUNISHMENT OF THE OFFENSE AND FACTUAL RESUME

In support of the Defendant's plea of guilty to Count One of the one-count Indictment that charges a violation of 18 U.S.C. §§ 922(g)(1) (Felon in Possession of a Firearm *without* the Armed Career Criminal enhancement) DONNY JOE COPELAND ("Mr. Copeland") and his counsel, Assistant Federal Public Defender John M. Nicholson, stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

The elements of a violation of 18 U.S.C. § 922(g)(1) are as follows:

1. That the defendant knowingly possessed a firearm. The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive;

2. That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

3. That the possession of the firearm was in or affecting commerce; that is, that before the defendant possessed the firearm, it had traveled at some time from one state to another.

## PUNISHMENT FOR THE OFFENSE

The Indictment in this case represents that Mr. Copeland is *not* subject to the enhanced penalty of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), and the defense agrees. Accordingly, the minimum and maximum penalties the district court can impose for the one-count Indictment include the following:

1. imprisonment for a period not to exceed 10 years;

2. a fine not to exceed two-hundred-fifty-thousand dollars, or twice any pecuniary gain to the defendant or loss to the victim(s);

3. the sentencing court may impose a term of supervised release not to exceed three years, which could follow any term of imprisonment imposed. If the defendant violates the conditions of supervised release, he could be imprisoned for up to three years;

4. a mandatory special assessment of one-hundred dollars;

5. restitution to victims or to the community, which is mandatory under the law; and

6. costs of incarceration and supervision.

## SENTENCING IN THIS CASE

Mr. Copeland has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the district court after it has considered the Guidelines and the factors included in 18 U.S.C. § 3553(a). However, the Guidelines are not binding and the district court, in its discretion, may sentence Mr. Copeland to the statutory maximum penalties (including 10 years in prison) as long as such a "sentence [is] sufficient, but not greater than necessary, to comply with the purposes set forth in . . . [§ 3553](a)(2)[.]" Congress has abolished parole so if the district court sentences Mr. Copeland to a term of imprisonment, he will not be released on parole.

Mr. Copeland further understands that the offense of conviction is for a felony offense and conviction for such a felony will deprive him of important constitutional and civil rights, which include the right to vote, the right to hold public office, the right to sit on a jury, and the right to actually or constructively possess a firearm.[1]

## CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

1. Mr. Copeland understands that he has the following constitutional rights:

    a. the right to plead not guilty to the charged offenses;

    b. the right to have a trial by a jury;

    c. the right to have his guilt proven beyond a reasonable doubt;

    d. the right to confront and cross-examine witnesses and to call and subpoena witnesses in his defense; and

    e. the right to not be compelled to incriminate himself.

2. The waiver of these rights.

Mr. Copeland waives the aforementioned rights and pleads guilty to Count of the one-count Indictment that charges a violation of 18 U.S.C. §§ 922(g)(1). Mr. Copeland understands the nature and the elements of the offense to which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

---

[1] Mr. Copeland is a citizen of the United States of America and this conviction will not impact his citizenship status.

## STIPULATED FACTS[2]

On or September 18, 2015, in the Dallas Division of the Northern District of Texas, Mr. Copeland was in the company of another person, C.S. on the landing outside of a motel room that Mr. Copeland had rented. As C.S. walked towards the door of the motel room, she was carrying a number of items. One of these items was a firearm, to wit: a Star, Model S, .380 handgun, bearing serial number 581264.[3] C.S. accidentally dropped the firearm and, when it hit the floor, it discharged a bullet back up at her. Seeing that C.S. had been shot, Mr. Copeland initially sought assistance from other guests at the hotel but was not successful. He then grabbed the firearm, put it in a trash can on the landing, put C.S. in a car, and drove her to the hospital where she died. Later, Mr. Copeland returned to the motel and looked through the trash can in an effort to find the firearm. By this time, however, law enforcement had recovered the firearm from the trash can.

Prior to this incident, Mr. Copeland had been convicted of the offense "Possession of a Controlled Substance", case No. F-0327556-IN in the 195th Judicial District Court, Dallas County, Texas, a conviction for a felony offense punishable by imprisonment for a term in excess of one year.

Mr. Copeland agrees and stipulates that on or about September 18, 2015, in the Dallas

---

[2] Mr. Copeland understands that the district court is not limited to considering only these stipulated facts, but may also consider facts to which Mr. Copeland did not stipulate. Cf. 18 U.S.C. §§ 3553(a); 3661; United States v. Pepper, 131 S. Ct. 1229, 1235-51 (2011). In other words, the district court is not precluded from considering facts that may be favorable or unfavorable to Mr. Copeland at sentencing just because those facts are not presented in this factual resume.

[3] This firearm were manufactured in a state other than Texas. Therefore, before Mr. Copeland possessed the firearm, it had traveled to Texas across a state line.

Division of the Northern District of Texas and having been convicted of a crime punishable by imprisonment for a term exceeding one year, he did knowingly and unlawfully possess in and affecting commerce a firearm, to wit: a Star, Model S, .380 handgun, bearing serial number 581264, which had previously been shipped and transported in interstate and foreign commerce, in violation of 18 U.S.C. §§ 922(g)(1).

## VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Copeland has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offenses, the statutory penalties, the Guidelines[4], and 18 U.S.C. § 3553(a) with his attorney. Mr. Copeland has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and he is satisfied with his attorney's representation of him in this case. Mr. Copeland concedes that he is guilty of the one-count Indictment and that it is in his best interests to plead guilty instead of going to trial.

**AGREED TO AND SIGNED** this 10th day of May, 2016.

_____     _____
DONNY JOE COPELAND                 JOHN M. NICHOLSON
Defendant                          Attorney for Mr. Copeland

---

[4]Though undersigned counsel and Mr. Copeland have discussed how the Federal Sentencing Guidelines may apply to Mr. Copeland, Mr. Copeland understands that undersigned counsel was giving Mr. Copeland undersigned counsel's professional opinion, based upon his experience, and not a promise or guarantee. Mr. Copeland understands that no such promise or guarantee could be possible because the district judge will make her decision about the guidelines only at the sentencing hearing and after having heard all of the evidence and arguments in this case.